LESLIE SKINNER V. THE STATE.

No. 16730.   Delivered May 16, 1934.
Rehearing Denied May 30, 1934.

The opinion states the case.

*Percy Woodard,* of Marshall, for appellant.

*Lloyd W. Davidson,* States' Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is selling intoxicating liquor; the punishment, confinement in the penitentiary for 18 months.

Edwin Barnes, who was 21 years of age, testified that he and D. C. McPherson drove to appellant's home at night and purchased from appellant two pints of whisky for which they paid one dollar. McPherson, who was 17 years of age, testified that he remained in the truck while Barnes went to the house and bought the whisky. Peace officers saw Barnes coming out of appellant's house, and, upon stopping him, found in his possession two pints of whisky. Testifying in his own behalf, appellant denied that he sold any whisky to Barnes and McPherson. He admitted, however, that they were at his house on the occasion in question.

The only bill of exception found in the record relates to the argument of the assistant county attorney. Appellant had filed an application for a suspended sentence. In argument, the assistant county attorney requested the jury not to suspend appellant's sentence, but to give him five years in the penitentiary, because of the fact that he had sold intoxicating liquor to boys of high school age. We are unable to reach the conclusion that the bill of exception presents error. The evidence showed that Barnes was 21 and McPherson 17, and the bill reflects the fact that the assistant county attorney was referring to the sale to Barnes and McPherson.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant urges that we were wrong in holding that the argument of the county attorney, referred

to in our original opinion, did not injuriously affect his case,—in its bearing on the question of his right to a suspended sentence. The matter has again been looked into. The State proved by a number of witnesses that appellant's reputation for being a peaceable law-abiding citizen was bad. No witness testified that it was otherwise. This fact could easily have accounted for the refusal of a suspended sentence.

We further note that according to the testimony of McPherson, a seventeen year old State witness, he contributed to the fund with which Barnes, another State witness, just past twenty-one years of age, bought whisky from appellant. The two went to appellant's place together. Barnes in his testimony said he had known appellant for two years, had been to his place before the trip in which this whisky was bought. He said he told appellant on the instant occasion what he wanted; that appellant did not mention the price. Barnes said "I already knew the price." The car in which Barnes and McPherson went to the home of appellant was stopped right in front of appellant's house.

We are of opinion that in view of this record showing that a boy of high school age had contributed to the fund to buy the whisky; that he sat in a truck in front of appellant's house while another boy, a few days past twenty-one, who already knew the price of appellant's whisky, and had been there before,—went in and got the whisky,—this would operate to support the argument made by the prosecuting attorney and to prevent its having any hurtful or injurious effect upon appellant's claim for a suspended sentence.

Believing the case properly decided, the motion for rehearing will be overruled.

*Overruled.*